**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ANTHONY DICICCO, individually and on behalf of a class of all persons and entities similarly situated, | |
| Plaintiff, | Case No.: 1:25-cv-13338-AK |
| v. | |
| DABELLA EXTERIORS LLC | |
| Defendant. | |

**DEFENDANT, DABELLA EXTERIORS, LLC**
**ANSWER AND AFFIRMATIVE DEFENESES TO COMPLAINT**

Defendant, DABELLA EXTERIORS LLC ("DABELLA" or "Defendant"), by and through their undersigned attorneys, responds to the Class Action Complaint (Doc No. 1), and states as follows:

**Preliminary Statement**

1. The allegations contained in paragraph 1 assert legal conclusions and thus no response is required. To the extent a response to those allegations is required, Defendant denies them.

2. The allegations contained in paragraph 2 assert legal conclusions and thus no response is required. To the extent a response to those allegations is required, Defendant denies them.

3. The allegations contained in paragraph 3 assert legal conclusions and thus no response is required. To the extent a response to those allegations is required, Defendant denies them.

1

4. The allegations contained in paragraph 4 assert legal conclusions and thus no response is required. To the extent a response to those allegations is required, Defendant denies them.

## Parties

5. Defendant is without knowledge as to the truth or falsity of the allegations contained in paragraph 5, and therefore denies them.

6. Defendant admits the allegations contained in paragraph 6.

## Jurisdiction & Venue

7. The allegations contained in paragraph 7 assert legal conclusions and thus no response is required. To the extent a response to those allegations is required, Defendant denies them.

8. The allegations contained in paragraph 8 assert legal conclusions and thus no response is required. To the extent a response to those allegations is required, Defendant denies them.

9. The allegations contained in paragraph 9 assert legal conclusions and thus no response is required. To the extent a response to those allegations is required, Defendant denies them.

**The Telephone Consumer Protection Act**

10. The allegations contained in paragraph 10 assert legal conclusions and thus no response is required. To the extent a response to those allegations is required, Defendant denies them.

11. The allegations contained in paragraph 11 assert legal conclusions and thus no response is required. To the extent a response to those allegations is required, Defendant denies them.

12. The allegations contained in paragraph 12 assert legal conclusions and thus no response is required. To the extent a response to those allegations is required, Defendant denies them.

13. The allegations contained in paragraph 13 assert legal conclusions and thus no response is required. To the extent a response to those allegations is required, Defendant denies them.

**Factual Allegations**

14. The allegations contained in paragraph 14 assert legal conclusions and thus no response is required. To the extent a response to those allegations is required, Defendant denies them.

15. Defendant is without knowledge as to the truth or falsity of the allegations contained in paragraph 15, and therefore denies them.

16. Defendant is without knowledge as to the truth or falsity of the allegations contained in paragraph 16, and therefore denies them.

17. Defendant is without knowledge as to the truth or falsity of the allegations contained in paragraph 17, and therefore denies them.

18. Defendant is without knowledge as to the truth or falsity of the allegations contained in paragraph 18 and also states that the call records speak for itself; therefore Defendant denies the allegations in paragraph 18.

19. Defendant denies that Plaintiff did not consent; Defendant further states that the call records speak for itself concerning the allegations contained in paragraph 19, and therefore denies them.

20. Defendant states that the call records speak for itself concerning the allegations contained in paragraph 20, and therefore denies them.

21. Defendant states that the text and call records speak for itself concerning the allegations contained in paragraph 21, and therefore denies them.

22. Defendant states that the call records speak for itself concerning the allegations contained in paragraph 22, and therefore denies them denies them.

## Class Action Statement

23. Defendant reincorporates its response to the prior allegations of the Complaint, and incorporates them by reference herein.

24. The allegations contained in paragraph 24 assert legal conclusions and thus no response is required. To the extent a response to those allegations is required, Defendant denies them.

25. The allegations contained in paragraph 25 assert legal conclusions and thus no response is required. To the extent a response to those allegations is required, Defendant denies them.

26. The allegations contained in paragraph 26 assert legal conclusions and thus no response is required. To the extent a response to those allegations is required, Defendant denies them.

27. The allegations contained in paragraph 27 assert legal conclusions and thus no response is required. To the extent a response to those allegations is required, Defendant denies them.

28. Defendant denies the allegation contained in paragraph 28.

29. The allegations contained in paragraph 29 assert legal conclusions and thus no response is required. To the extent a response to those allegations is required, Defendant denies them.

30. The allegations contained in paragraph 30 assert legal conclusions and thus no response is required. To the extent a response to those allegations is required, Defendant denies them.

31. The allegations contained in paragraph 31 assert legal conclusions and thus no response is required. To the extent a response to those allegations is required, Defendant denies them.

32. The allegations contained in paragraph 32 assert legal conclusions and thus no response is required. To the extent a response to those allegations is required, Defendant denies them.

33. The allegations contained in paragraph 33 assert legal conclusions and thus no response is required. To the extent a response to those allegations is required, Defendant denies them.

34. The allegations contained in paragraph 34 assert legal conclusions and thus no response is required. To the extent a response to those allegations is required, Defendant denies them.

35. The allegations contained in paragraph 35, inclusive of subpraragraphs a-e, assert legal conclusions and thus no response is required. To the extent a response to those allegations is required, Defendant denies them.

36. The allegations contained in paragraph 36 assert legal conclusions and thus no response is required. To the extent a response to those allegations is required, Defendant denies them.

37. The allegations contained in paragraph 37 assert legal conclusions and thus no response is required. To the extent a response to those allegations is required, Defendant denies them.

38. The allegations contained in paragraph 38 assert legal conclusions and thus no response is required. To the extent a response to those allegations is required, Defendant denies them.

39. The allegations contained in paragraph 39 assert legal conclusions and thus no response is required. To the extent a response to those allegations is required, Defendant denies them.

40. Defendant denies the allegations contained in paragraph 40.

### FIRST CAUSE OF ACTION

### (Violations of 47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c) (On Behalf of Plaintiff and the National Do Not Call Registry Class)

41. Defendant reincorporates its response to the prior allegations of the Complaint, and incorporates them by reference herein.

42. Defendant denies the allegations contained in paragraph 42.

43. Defendant denies the allegations contained in paragraph 43.

44. Defendant denies the allegations contained in paragraph 44.

### PRAYER FOR RELIEF

Defendant denies the allegations contained in the PRAYER FOR RELIEF, inclusive of subparagraphs A. through C.

### JURY DEMAND

Defendant denies that Plaintiff is entitled to demand a jury trial. Plaintiff has waived a jury trial and agreed to arbitrate the claims raised in this matter.

### DEFENSES

Defendant does not allege or admit that it bears the burden of proof with respect to any of the following defenses, nor does Defendant assume the burden of proof of any matters that would otherwise rest on Plaintiffs. In addition, Defendant reserves the right to supplement this Answer and assert additional affirmative defenses, other defenses and/or counterclaims at such time and to such extent as warranted by discovery and the factual development of this case.

### FIRST DEFENSE

Plaintiffs' cause of action is barred because Plaintiff provided his express written consent for any alleged calls.

7

**SECOND DEFENSE**

Plaintiffs' purported claims are barred, in whole or in part, because Plaintiff agreed to a waiver of any class action.

**THIRD DEFENSE**

Plaintiffs have failed to allege sufficient facts upon which a claim for relief may be granted against Defendant in whole or in part.

**FOURTH DEFENSE**

Plaintiffs are estopped from entitlement to any recovery, if any, by reason of their own acts and omissions, including failure to properly notify Defendant and/or its agents not to call Plaintiff.

**FIFTH DEFENSE**

Plaintiffs' purported claims are barred because Defendant and/or its agents relied in good faith on the prior express consent submitted by or on behalf of Plaintiff.

**SIXTH DEFENSE**

Plaintiffs' purported claims are barred to the extent Plaintiff is not the subscriber, user or owner of the cellular number on which Plaintiff alleges that calls were made to him from Defendant.

**SEVENTH DEFENSE**

Plaintiffs' purported claims against Defendant are barred, in whole or in part, because any alleged damages they may have sustained were caused by individuals, third parties or entities other than Defendant.

**EIGHTH DEFENSE**

Plaintiffs' purported claims are barred to the extent Plaintiff and/or the class members are not residential subscribers and/or used their telephone for business purposes.

**NINTH DEFENSE**

The allegations of the Complaint are not well-grounded either in fact or in law, and/or have been asserted for an improper purpose, and Defendant reserves the right to seek an award of fees and costs of this lawsuit against Plaintiffs.

**TENTH DEFENSE**

Plaintiffs' claims are barred to the extent Plaintiff is not an adequate class representative and/or has a conflict of interest.

**ELEVENTH DEFENSE**

Plaintiffs' claims are barred because they failed, refused and neglected to take proper action and follow the applicable procedures to be included on the internal do not call list of Defendant.

**TWELFTH DEFENSE**

Plaintiffs' claims are barred to the extent that the class members only received one call, and/or suffered no damages or injury.

**THIRTEENTH DEFENSE**

Plaintiffs' cause purported of action is barred to extent that the calls to Plaintiff were made by another third party.

**FOURTEENTH DEFENSE**

Plaintiffs' purported claims are barred to the extent that Defendant did not directly make any of the calls. Defendant is not vicariously liable for the alleged calls made to Plaintiff.

**FIFTEENTH DEFENSE**

Plaintiffs' cause of action is barred because the TCPA is invalid as it is an unconstitutional restriction on First Amendment speech that contains multiple content based exceptions, and favors certain speech.

**SIXTEENTH DEFENSE**

The action is not proper for class certification because Plaintiff cannot meet the prerequisites for class certification under Rule 23(a), and he bears the burden to prove them all.

**SEVENTEENTH DEFENSE**

The action is not proper for class certification because Plaintiff cannot meet the requirements for class certification under Rule 23(b), and he bears the burden to prove them all.

**EIGHTEENTH DEFENSE**

The action is not proper for class certification as the questions of law and fact of the individuals predominate over the questions of law or fact common to the members, including but not limited to, the nature and specific circumstances regarding the alleged telephone calls, Plaintiff's prior express consent, and Plaintiffs' alleged requests to be included on the internal do not call list.

**NINETEENTH DEFENSE**

The action is not proper for class certification because the allegations are not typical and representative of the proposed class, including but not limited to, the nature and specific circumstances regarding the alleged telephone calls, Plaintiff's prior express consent, and Plaintiffs' alleged requests to be included on the internal do not call list.

**TWENTIETH DEFENSE**

The action is not proper for class certification because Plaintiff cannot establish the numerosity requirement since there are no other known individuals similarly situated as Plaintiff.

**TWENTY-FIRST DEFENSE**

Any injury, statutory or otherwise, allegedly suffered by Plaintiffs were not caused by the acts, conduct, or omissions of Defendant.

**TWENTY-SECOND DEFENSE**

Any damage or loss sustained by Plaintiff and attributable to Defendant (if any) must be reduced, diminished, and/or barred in proportion to the wrongful or negligent conduct of persons or entities other than Defendant, including third parties, under principles of equitable allocation, recoupment, set-off, proportionate responsibility, and/or comparative negligence or fault.

**TWENTY-THIRD DEFENSE**

Plaintiffs' claims are barred because they lack standing and have not suffered any Article III injury.

**TWENTY-FOURTH DEFENSE**

Plaintiffs have failed, refused and neglected to take reasonable steps to mitigate the alleged damages, if any, thus barring or diminishing Plaintiff's recovery herein.

**TWENTY-FIFTH DEFENSE**

Plaintiffs' claims are barred to the extent that Plaintiffs engaged in fraud or made misrepresentations to induce Defendant to call him.

**TWENTY-SIXTH DEFENSE**

Plaintiffs' claims are barred to the extent that Plaintiffs engaged in entrapment and/or is a professional plaintiff litigant.

**TWENTY-SEVENTH DEFENSE**

Plaintiffs' claims are barred as Defendant maintains TCPA policies and procedures to prevent calls being made in violation of the TCPA.

**TWENTY-EIGHTY DEFENSE**

Plaintiffs' claims are barred to the extent he had an established business relationship with Defendant.

**TWENTY-NINTH DEFENSE**

Plaintiffs' claims are barred to the extent he made admissions to Defendant as to his personal identity and/or prior express consent and/or expressed an interest in Defendant's products and services.

**THIRTIETH DEFENSE**

Plaintiffs' claims are barred to the extent he waived any such alleged violation by acquiescing to the calls and/or text messages.

**THIRTY-FIRST DEFENSE**

Plaintiffs' claims are barred as there is a pending cause of action concerning the class claims raised here, which is first to file: *Leon Weingrad v. DaBella Exteriors LLC*, Case No. 3:25-cv-00396-SI, was already being litigated in the United States District Court for the District of Oregon, Portland Division.

**THIRTY-SECOND DEFENSE**

This Court does not have jurisdiction over the alleged claims. Plaintiff is bound by an arbitration clause, and required to arbitrate his claims. Defendant intends to file a motion to compel arbitration.

### **THIRTY-THIRD DEFENSE**

Plaintiff's claims are barred to the extent that he did not register his cellular number on the Do Not Call registry.

### **THIRTY-FOURTH DEFENSE**

Plaintiff's claims are barred to the extent that he did not answer "more than one" telephone solicitation from Defendant made without consent in a 12 month timeframe.

### **THIRTY-FIFTH DEFENSE**

Plaintiff's claims are barred to as Defendant is entitled to rely on the safe harbor defense under 47 U.S.C. § 64.1200(c)(2)(i).

**WHEREFORE**, Defendant denies that Plaintiffs are entitled to recovery or relief in any amount whatsoever, and respectfully prays that this Court:

a. Dismiss Plaintiffs' Complaint with prejudice, and deny all relief, damages, and other remedies requested by Plaintiffs;

b. Deny certification of the proposed Class;

c. Deny appointment of Plaintiff as class representative for the Class;

d. Deny appointment of Plaintiffs' counsel as Class Counsel;

e. Enter an award of costs and attorneys' fees in favor of Defendant; and

f. Grant Defendant any and all further relief the Court deems just and proper.

Dated:  January 7, 2026.                          Respectfully submitted,

/s/ Diane J. Zelmer
Diane J. Zelmer Esq.
Florida Bar No. 27251 (admitted *Pro Hac Vice*)
BERENSON LLP
4495 Military Trail, Ste. 203
Jupiter, Florida 33458
Telephone:  561-429-4496
Email:  djz@berensonllp.com
           hcc@berensonllp.com


-and-


Michael Williams (634062)
Lawson & Weitzen, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA 02210-1736
Telephone: (617) 439-4990
Email:  SGriggs@Lawson-Weitzen.com
           BSlean@Lawson-Weitzen.com
           MWilliams@Lawson-Weitzen.com


## CERTIFICATE OF SERVICE

I hereby certify that on January 7, 2026, I electronically filed this document through the CM/ECF system, that it will be sent electronically to the registered participants as identified on the NEF.


/s/*Diane J. Zelmer, Esq.*
Diane J. Zelmer, Esq.
Florida Bar No. 27251 (pro hac vice)