IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

ANTHONY DICICCO, individually and on behalf of a class of all persons and entities similarly situated,

        Plaintiff

vs.

DABELLA EXTERIORS LLC

        Defendant.

Case No. 25-cv-13338

**JOINT STATEMENT**

Plaintiff Anthony DiCicco ("Plaintiff") and Defendant Dabella Exteriors LLC (together with Plaintiff, the "Parties"), through their undersigned counsel, submit this Report pursuant to Rule 16(b) and 26(f) of the Federal Rules of Civil Procedure and Local Rule 16.1.

I.    **FED. R. CIV. P. 26(F) REPORT**

    A.  **Nature and Basis of Claims**

Plaintiff brings this action under the Telephone Consumer Protection Act, 47 U.S.C. § 227(c)(5), and its implementing regulations, which prohibit initiating telephone solicitations to residential telephone subscribers whose numbers are listed on the National Do Not Call Registry. Plaintiff alleges that Defendant placed more than twenty unsolicited telemarketing calls to Plaintiff's residential cellular telephone number between approximately August and September 2025, despite that number being listed on the National Do Not Call Registry since 2017. Plaintiff alleges that his telephone number is used for personal and residential purposes, that he never

provided prior express invitation, permission, or consent to Defendant, and that he has never had an established business relationship with Defendant.

### B. Possibilities of Settling or Resolving the Case

*Plaintiff's Position*

Pursuant to Local Rule 16(c) Plaintiff made a settlement demand to Defendant on February 25, 2026. Plaintiff is open to mediating a resolution to this matter on a class-wide basis. Plaintiff believes that mediation, at the appropriate time, which is after discovery into the size of the putative class is conducted, makes sense.

*Defendant's Position*

Defendant is open to mediating a resolution to this matter at the appropriate time.

### C. Proposed Discovery Plan

#### 1. Initial Disclosures (Rule 26(a))

Plaintiff proposes that the Parties exchange initial disclosures on or before March 13, 2026.

#### 2. Scope, Timing, and Phasing of Discovery

*Plaintiff's Statement*

Plaintiff anticipates that discovery will be needed on the requisites of Fed. R. Civ. P. 23 in order to support his anticipated motion for class certification as well as the merits of his claims under the TCPA, in order to adequately prepare for trial, or oppose any summary judgment motion that Defendants may file. Plaintiff will seek discovery from Defendant and any third parties acting on its behalf regarding: (1) call data relating to Plaintiff and the putative class; (2) identification of class members; (3) TCPA compliance policies and procedures; (4) affirmative defenses; (5) Defendant's knowledge, negligence, or willfulness concerning the alleged TCPA violations; (6) document retention policies; (7) identification of relevant witnesses; (8) communications

concerning telemarketing activities and any relationships with vendors making calls for Defendant; (9) ESI relating to any purported consent to receive prerecorded calls; and (10) telemarketing complaints received by Defendant and Defendant's responses. Plaintiff's proposed discovery schedule is included in Section IV.

It is Plaintiff's position that discovery in this matter should not be bifurcated. Defendant requested, and the Court entertained a brief bifurcation period in *Weingrad* with specific respect to an issue related to a single subpoena response. The results of that discovery disproved the Defendant's position. Defendant should not be allowed to attempt bifurcation on issues it doesn't even identify with the same degree of particularity here and expect an identical result. Regardless, discovery in this matter should not be phased or bifurcated, and the Plaintiff opposes any bifurcated discovery. Bifurcation of discovery is often "counterproductive." MANUAL FOR COMPLEX LITIGATION (FOURTH) ("MCL 4th") § 21.15 (2015). That is readily apparent here. To begin, the proposed theoretical bifurcation almost guarantees that the parties will need to duplicate their work and the Defendant can pursue its chosen defenses presented here through discovery while denying the Plaintiff the opportunity to adduce discovery into the class claims, including classwide evidence demonstrating the inadequacy of Defendant's purported consent as a legal matter. Moreover, as demonstrated in *Weingrad*, the inevitable disputes about what qualifies as merits vs. class discovery is a second reason to deny the request for bifurcation.

Defendant essentially asks this Court to apply a rule that applies only in the exceptional case to a run-of-the-mill class action. Defendant's arguments are certain to be true of any class action lawsuit: if the lead plaintiff's claims do not have merit or the class cannot otherwise be certified, the class action disappears, and the defendant saves time and money by not having to litigate the rest of the case. Defendant has not pointed to any facts that make this case exceptional.

Although Defendant takes issue with some of Plaintiff's allegations, including that he did not consent, and despite that it being its position in previous litigation that has been proved to be demonstrably false, its contention that a particular affirmative defense should apply is itself a question to be resolved in discovery and not for the Court's summary decision on a discovery motion.

Indeed, faced with a similar motion, another federal court judge denied a bifurcation request in another TCPA case:

> The Court has reviewed the parties' joint status report [10]. The Court does not see a need to bifurcate discovery in this case. There will be some overlap in discovery here. Discovery as to commonality and typicality under Rule 23 will also apply to the merits of the claim. Moreover, the Supreme Court in Walmart v Dukes has said the district court must conduct a rigorous analysis in determining class certification and that will often require some evaluation about facts that go to the merits of a plaintiff's underlying claims. Thus, bifurcating discovery often does not make sense as the lines between "class discovery" and "merits discovery" are significantly blurred.

*See Katz v. Allied First Bank, SB*, Civil Action No. 22-cv-5277, ECF No. 14 (January 3, 2023). Courts in Massachusetts similarly held, particularly when the individual and class claims (or defenses) overlap, as here, bifurcation is not appropriate because "bifurcation is ordinarily the exception and not the rule." *Simmons v. Author Reputation Press LLC*, 2025 U.S. Dist. LEXIS 50055 *2 (D. MA March 18, 2025) (Murphy, J.) (Denying request for bifurcation in TCPA case); *see also Wilson v. Quest Diagnostics, Inc.*, 2019 U.S. Dist. LEXIS 224798, 2019 WL 7560932, at *4 (D.N.J. Aug. 22, 2019) (highlighting potential unfairness and inefficiency of bifurcation in TCPA case).

There is also real risk that the requested bifurcation will prejudice Plaintiff through the loss of evidence held by third parties, such as any third-party vendors involved in the Defendant's calls. The risk to the putative class members' interests is not merely hypothetical. Multiple decisions have turned on the destruction of telephone records. For example, in *Levitt v. Fax.com*, No. 05-

949, 2007 WL 3169078, at *2 (D. Md. May 25, 2007), the court denied class certification in a TCPA fax case because "critical information regarding the identity of those who received the facsimile transmissions" was not available. Likewise, in *Pasco v. Protus IP Solutions, Inc.*, 826 F. Supp. 2d 825, 831 (D. Md. 2011), the court was compelled to grant the defendant's motion for summary judgment where Mr. Pasco was unable to obtain the "transmission data on which to support their claims that [the defendant] sent them the unsolicited faxes at issue." As a result, courts regularly permit plaintiffs to commence discovery prior to a Fed. R. Civ. P. 26(f) conference related to these issues implicating non-parties in TCPA cases. *See e.g. Abramson v. All American Power and Gas PA, LLC*, Civil Action No. 2:20-cv-1173 (W.D. Pa. September 9, 2020); *Cooley v. Freedom Forever LLC et. al.*, Civil Action No. 2:19-cv-562, ECF No. 37 (D. Nev. July 19, 2019); *Cooley v. First Data Merchant Services, LLC et. al.*, Civil Action No. 19-cv-1185, ECF No. 32 (N.D. Ga. July 8, 2019); *Abante Rooter and Plumbing, Inc. v. Birch Commc'ns, Inc.* Civil Action No. 15-cv-03562, Dkt. No. 32 (N.D. Ga. 2016); *Mey v. Interstate National Dealer Services, Inc., et al.*, Civil Action No. 14-cv-01846, Dkt. No. 23 (N.D. Ga. Aug. 19, 2014).

Here, Plaintiff is simply seeking to proceed in the ordinary course with discovery. In any event, the Plaintiff respectfully observes that, should the Court be inclined to grant bifurcation, it should do so after the parties have had an opportunity to fully brief the issue, and not in the context of a Rule 26(f) report.

The same is true on whether this Court should consolidate this case with *Weingrad*. As an initial matter, the *Weingrad* case also includes additional claims, including a revocation claim and a Caller ID transmission claim, that are not brought in this litigation. As such, the Oregon action is not an "identical" class action that implicates the first to file rule.

*Defendant's Position*

Defendant seeks discovery on the following subjects: (1) data regarding calls allegedly made from Defendant to Plaintiff and the class; (2) identification of any potential class members; (3) the allegations and claims in the Complaint; (4) identification of ip addresses used by Plaintiff and/or another third party on his behalf; (5) identification of witnesses; (6) other lawsuits brought by Plaintiff; (7) discovery related to the consent form submitted by Plaintiff and agreed upon terms of service; (8) Plaintiff's status on the national do not call registry; (9) Plaintiff's business or personal use of his phone; (10) Plaintiff's carriers and/or documents from the carriers.

Defendant first contends that the Court should stay this action pending resolution of a first-to-file identical class action currently pending in Oregon District Court. *See infra*, Section 6; (Doc. 13). Contrary to Plaintiff's position, the fact that *Weingrad* includes two (2) other classes, does not negate the need for a stay in this case, where, as here, the *only* class asserted is a DNC class that is identical to *Weingrad*.

Defendant also contends that discovery should be bifurcated, with discovery first proceeding on individual issues to determine if Plaintiff submitted the online consent form and agreed to terms of service that included an arbitration clause and class action waiver. Local Rule 16.1(d)(1)(b), provides:

> take into account the desirability of conducting phased discovery in which the first phase is limited to developing information needed for a realistic assessment of the case and, if the case does not terminate, the second phase is directed at information needed to prepare for trial. …

Accordingly, Defendant requests that individual discovery be bifurcated so that the parties can determine a "realistic assessment of the case" before proceeding with classwide discovery. Such limited discovery will allow the parties to determine if Plaintiff can pursue the litigation on a classwide basis. Indeed, courts may elect to bifurcate class-certification discovery and merits discovery. *See Washington v. Brown & Williamson Tobacco Corp.*, 959 F.2d 1566, 1570-71 (11th

Cir.1992) ("To make early class determination practicable and to best serve the ends of fairness and efficiency, courts may allow classwide discovery on the certification issue and postpone classwide discovery on the merits."); *Degutis v. Fin. Freedom, LLC*, No. 2:12-cv-319-FTM-38, 2013 WL 10207621, at *1 (M.D. Fla. Oct. 18, 2013) (citation omitted) (staying class discovery and allowing discovery to commence regarding Plaintiff's claims for 60 days); *Physicians Healthsource, Inc. v. Anda, Inc.*, No. 12–60798–CIV, 2012 WL 7856269 (S.D. Fla. Nov. 27, 2012) (Rosenbaum, D.J.) (permitting discovery to proceed related to plaintiff's individual claims only within the next two months and allowing the filing of dispositive motions relating to individual claims); *Del Campo v. Kennedy*, 236 F.R.D. 454, 459 (N.D.Cal. 2006) ("Prior to certification of a class action, discovery is generally limited and in the discretion of the court.").

In particular, Courts have bifurcated discovery in TCPA actions. *Akselrod v. MarketPro Homebuyers LLC*, No. CV CCB-20-2966, 2021 WL 100666, at *1 (D. Md. Jan. 12, 2021) (granting motion to bifurcate discovery in TCPA action and concluding that "that whether an ATDS was used and whether messages were telephone solicitations are issues of liability largely distinct from class certification issues (e.g., numerosity, commonality, typicality, and adequacy of representation)." In fact, several district courts have proceeded by solely initiating targeted individual discovery, which resulted in an early settlement without the need for costly class discovery: *Harris v. Champion Opco, LLC*, Case No. 1:22-cv-00429-MRB, in the Southern District of Ohio (March 23, 2023)(settled after targeted discovery); *Goldin v Renewal by Anderson, LLC*, Case No. 2:20-cv-06500-GAM, in the Eastern District of Pennsylvania (June 29, 2021)(dismissed after targeted discovery on "whether plaintiff has stated a claim" and "whether plaintiff is a suitable class representative in support of partial motion for summary judgment on individual claims). Even where motions to stay and/or bifurcate were *pending* in TCPA class

actions, cases have been resolved on an individual basis. *Certeza v. Southern Industries Home Improvements, LLC*, Case No. 2:24-cv-03020-DCN, in the District Court of South Carolina (April 16, 2025) (dismissed after mediation).

In this case, bifurcation is necessary as it involves a case where Plaintiff completed an online consent form with his telephone number relaying an interest in a roof replacement, that included terms of service for dispute resolution, including an arbitration clause and class action waiver.  To the extent that Plaintiff disputes agreeing to arbitration, class action waiver or submitting that consent form, discovery into the subscriber of the ip address may be necessary. Plaintiff has not demonstrated that he was not the one who provided consent, either directly or indirectly, through another party.  Discovery is necessary to determine the source of, and factual events leading to the submission of, the consent form, and the terms of service agreed to between the parties. Contrary to Plaintiff's assertions, individual discovery in *Weingrad* allowed Defendant to obtain factual evidence that it is relying upon in its partial summary judgment motion that is now pending before the Court.  Indeed, Plaintiff testified at his deposition that *he* did not register his number on the DNC, and he did not *answer* more than one call.  Further, his telephone number is held out to the world for business purposes.  If the Court grants Defendant's motion, then *Weingrad* will not be able to pursue the claims on behalf of the DNC Class.  Discovery on the core elements of an individual TCPA claim is critical to determine whether Plaintiff himself has a valid claim, and in many cases, can result in an early resolution of the case without the need for class discovery.  Plaintiff has not shown how any efforts would be duplicative.  To the contrary, it would be an entire waste of judicial resources, time and expense to engage in class discovery simultaneously only to have it established that Plaintiff agreed to arbitration, a class action waiver and/or consented to the calls, and/or is otherwise not entitled to pursue an individual action, let

alone a class action. If the Court is inclined to decline bifurcation, Defendant requests the Court to allow further briefing on the issue.

### 3. Electronically Stored Information (ESI)

The Parties will strive to produce electronic documents in the form of multi-page, color, bates-numbered PDF images together with load files if reasonably available, or in native format. Non-electronic documents shall be produced as multi-page, color, bates-numbered PDF images. If there are any issues with the production of ESI, including with respect to associated metadata, the Parties will meet and confer and attempt to resolve them informally without need for Court intervention.

### 4. Privilege, Work Product, and Rule 502 Issues

The Parties anticipate no unusually complex privilege issues. The Parties will make claims of privilege or of protection of trial preparation materials at the time of production, which will be accompanied by a privilege log. The Parties agree to comply with Fed. R. Evid. 502 regarding the inadvertent disclosure of privileged information.

### 5. Discovery Limits and Modifications

The Parties do not anticipate any need for changes in the limitations on discovery. Should discovery show the need to limit or exceed any discovery limits, the Parties will attempt to reach an agreement on the scope of the discovery before seeking leave of Court to limit or exceed any discovery limits.

Defendant contends that the Court should enter an Order bifurcating the individual claims, where, as here, an online consent form was completed by Plaintiff. *See surpa*, Part 2.

### 6. Additional Case Management or Protective Orders

Plaintiff contends that the Parties do not anticipate the need for other orders at this time. Defendant contends that the Court should consider entering an Order to stay the matter pending the resolution of the class action asserted in *Leon Weingrad v. DaBella Exteriors LLC*, Case No. 3:25-cv-00396-SI, in the United States District Court for the District of Oregon, Portland Division. (*See generally*, First Amended Class Action Complaint, Doc No. 23, in Case No. 3:25-cv-00396-SI. The class alleged in the Complaint in this action is identical to the class asserted in the first-to-file matter, *Weingrad v. Dabella.* (Doc. 13). *Thakkar v. United States*, 389 F. Supp. 3d 160, 170 (D. Mass. 2019) (quoting *In re Telebrands Corp.*, 824 F.3d 982, 984 (Fed. Cir. 2016)) (internal quotations omitted). Plaintiff contends that a stay of this matter pending resolution of the *Weingrad* matter is inappropriate, and, moreover, should be made via a formal motion with the benefit of fulsome briefing on the issue.

The parties anticipate that there will be a need for some discovery in this case to be governed by a protective order. The parties shall confer regarding the terms of such a protective order and will endeavor to reach agreement on those terms. If the parties disagree concerning the scope or form of a protective order, the party or parties seeking such an order may raise the issue with the Court in accordance with the Federal Rules of Civil Procedure, Local Rules and/or any other orders of the Court.

**II.  Consent to Magistrate Judge**

The Parties do not consent to the magistrate judge.

**III.  Proposed Pretrial Schedule**

*Plaintiff's Proposed Pretrial Schedule*

| Initial Disclosures | March 13, 2026 |
|---|---|
| Amend the Pleadings | May 27, 2026 |

| | |
|---|---|
| Class Certification | Proponent by:  October 14, 2026<br><br>Respondent by: November 11, 2026<br><br>Reply in support: November 25, 2026 |
| Completion of Fact Discovery | November 11, 2026[1] |
| Expert Disclosures | Proponent by: September 16, 2026<br><br>Respondent by: October 16, 2026<br><br>Completion of expert depositions by November 13, 2026<br><br>Motion to exclude experts: January 13, 2027<br><br>Oppositions to motion to exclude experts: February 10, 2027<br><br>Reply in support: February 24, 2027 |
| Dispositive Motions | Proponent by: March 17, 2027<br><br>Respondent by: April 14, 2027<br><br>Reply in support: April 28, 2027 |
| Settlement Conference | May 2027; to be determined by court |
| Trial | July 2027; to be determined by the Court. |

Respectfully submitted,                              Date: February 27, 2026

By: */s/ Anthony I. Paronich*
Anthony I. Paronich
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone: (508) 221-1510
anthony@paronichlaw.com
*Attorney for Plaintiff*

---

[1] Defendant contends that the fact discovery deadline should be bifurcated to include a short period to allow individual discovery only, through and including April 27, 2026.

/s/ Diane J. Zelmer
Diane J. Zelmer Esq.
Florida Bar No. 27251 (admitted *Pro Hac Vice*)
BERENSON LLP
4495 Military Trail, Ste. 203
Jupiter, Florida 33458
Telephone:  561-429-4496
Email:  djz@berensonllp.com
            hcc@berensonllp.com
*Attorney for Defendant*

-and-

Michael Williams (634062)
Lawson & Weitzen, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA 02210-1736
Telephone: (617) 439-4990
Email:  SGriggs@Lawson-Weitzen.com
            BSlean@Lawson-Weitzen.com
            MWilliams@Lawson-Weitzen.com

*Attorney for Defendant*