IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANTHONY DICICCO, individually and on behalf of a class of all persons and entities similarly situated,<br><br>        Plaintiff<br><br>vs.<br><br>DABELLA EXTERIORS LLC<br><br>        Defendant. | Case No. 25-cv-13338 |

**JOINT STATUS REPORT**

Plaintiff, Anthony DiCicco ("Plaintiff") and Defendant, Dabella Exteriors LLC ("DaBella") (collectively the Plaintiff and DaBella are referred to as the "Parties"), through their undersigned counsel, submit this Joint Status Report pursuant to this Courts Order [DE 20] and states as follows:

**I.  Scheduling Conference**

1. On March 10, 2026, the Parties attended a Status Conference with the Court. The Defendant argued for a stay of class discovery pending the resolution of *Leon Weingrad v. DaBella Exteriors LLC*, Case No. 3:25-cv-00396-SI, in the United States District Court for the District of Oregon, Portland Division, which is currently pending and seeking to certify the identical National DNC class. Alternatively, Defendant requested the bifurcation of discovery, requesting discovery on individual issues to proceed first.

2. Following the scheduling conference, on March 10, 2026, the Court ordered the Parties to "proceed with discovery limited to the individual Plaintiffs claims, to be completed within

sixty (60) days of the date of this Order." The Parties were also ordered to file a Joint Status Report at the conclusion of this limited discovery, on or before May 11, 2026. [ECF No. 20].

## II.    Individual Discovery Conducted

a. *Plaintiff's Discovery*. On March 11, 2026, Plaintiff served Defendant with his First Set of Interrogatories and First Request for Production of Documents.[1] On April 17, 2026,[2] Defendant served their Responses and Objections to Plaintiff's First Set of Discovery, and produced documents bates numbered DABELLA000001-000051. The Plaintiff is waiting to hear back on several meet and confer issues raised therein.

b. *Defendant's Discovery*. On March 17, 2026, Defendant served Plaintiff with their First Set of interrogatories, First Request for Production of Documents and First Request for Admissions. On April 16, 2026, Plaintiff served his Responses to Defendant's First set of Discovery, and produced documents which have been bates numbered by Defendant as DICICCO – DABELLA000001-000047.

In addition, on March 17, 2026, Defendant served a subpoena upon Comcast, and on April 8, 2026, Comcast responded indicating that it had no responsive documents as it only retains records for dynamically assigned IP addresses for 180 days.

On May 8, 2026, Defendant held the deposition of Plaintiff.

## III.    Additional Necessary Individual Discovery

a. *Plaintiff's Position*. On May 4, 2026, the Parties engaged in a meet and confer. Plaintiff has requested additional information and documents in response to its interrogatories and request for production. Plaintiff is awaiting a response from Defendant.

---

[1] Although the requests were dated February 26, 2026, service did not occur until March 11, 2026.
[2] Defendant served their Verified Responses to Plaintiff's First Interrogatories on April 21, 2026.

b. *Defendant's Position*. On May 8, 2026, based on the testimony of Plaintiff, Defendant requested Plaintiff to provide additional documents in response to its request for production. Plaintiff is awaiting for a response from Defendant.

## IV.    Potential Dispositive Motions

a.    *Plaintiff's Position*. Plaintiff anticipates opposing any motion for summary judgment and any motion to deny class certification filed by Defendant. Plaintiff contends that discovery to date demonstrates the existence of disputed issues of material fact concerning Defendant's conduct and Plaintiff's claims, and that Defendant's anticipated motions will not dispose of the action in its entirety. Plaintiff further contends that a stay of class discovery would unnecessarily delay the progress of this matter, particularly where class-related issues substantially overlap with the merits and where discovery regarding Defendant's dialing practices, policies, consent procedures, and classwide conduct remains necessary for Plaintiff to fully present his opposition to Defendant's anticipated motions and to support class certification.

b. *Defendant's Position*.  Defendant is awaiting the transcript of the deposition of Plaintiff, and intends to file a motion for summary judgment, and motion to deny class certification, which if granted, will eliminate Plaintiff's individual claims and/or result in a denial of class certification.  Therefore, Defendant contends that class discovery should be stayed pending resolution of the dispositive motions.

Respectfully submitted,

| | |
|---|---|
| By:*/s/ Anthony I. Paronich*____<br>Anthony I. Paronich, Esq.<br>PARONICH LAW, P.C.<br>350 Lincoln Street, Suite 2400<br>Hingham, MA 02043<br>Telephone: (508) 221-1510<br>anthony@paronichlaw.com<br>*Attorney for Plaintiff*<br><br>-and-<br><br>Alex M. Washowitz, Esq.<br>MA BBO#:  644077<br>CW Law Group, P.C.<br>160 Speen Street, Suite 309<br>Framingham, MA 01701<br>Phone: 508-309-4880<br>Facsimile: 508-597-7722<br>alex@cwlawgrouppc.com | By: */s/ Diane J. Zelmer*____<br>Diane J. Zelmer, Esq.<br>FL Bar No: 27251<br>BERENSON LLP<br>4495 Military Trail, Suite 203<br>Jupiter FL 33458<br>Telephone: 561-429-4496<br>Facsimile: (703) 991-2195<br>E-mail: djz@berensonllp.com<br>Secondary: hcc@berensonllp.com<br>*Counsel for Defendant*<br><br>-and-<br><br>Michael Williams, Esq. (634062)<br>Lawson & Weitzen, LLP<br>88 Black Falcon Avenue, Suite 345<br>Boston, MA 02210-1736<br>Telephone: (617) 439-4990<br>Email:  SGriggs@Lawson-Weitzen.com<br>BSlean@Lawson-Weitzen.com<br>MWilliams@Lawson-Weitzen.com<br>*Counsel for Defendant* |